

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 30, 1976

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas   78701

Opinion No. H-776

Re: Disposition of
remaining funds for
discontinued veterans'
vocational program for
Montague County.

Dear Dr. Brockette:

You have requested our opinion concerning the proper disposition of an unexpended surplus retained by the Montague County School Board from the operation of a discontinued county vocational school for veterans. Special schools for veterans established pursuant to article 2683b, V.T.C.S., (presently section 17.28 of the Education Code) were formerly financed by federal funds granted to the state and allocated to the various county boards of trustees by the State Board for Vocational Education. See Attorney General Opinion V-51 (1947). Such schools were not a part of the Texas public free school system. Attorney General Opinion V-759 (1949). See also Attorney General Opinion O-6870 (1946).

At the time the federal program was discontinued in 1954 a cash surplus of some $14,500 remained in the Montague County program account. In 1963, the federal agency which administered the programs officially advised the state and county agencies that a satisfactory accounting of all funds and properties involved in the closed programs had been accomplished. However, the surplus was never remitted by the county school board to the state agency or to the federal

government, although the contract between the county school board and the state agency provided for the yearly return to the state agency of any surplus left in the county school board's special school program. The funds should therefore be returned to the state agency pursuant to the contract. Insofar as we have been advised, the account is dormant and the purpose for which it was established has become moot. The money remains subject to the dictates of the Texas Legislature.

Article 4344a, V.T.C.S., reads:

> The Comptroller, with the consent and approval of the State Auditor and Efficiency Expert, and the State Treasurer, may, at any time, transfer any balance in any dormant fund, the source of which is unknown or the purpose for which it was collected has become moot, into the General Revenue Fund. Any transfer so made may be subject to appropriation as a refund by the Legislature, should the source and purpose of such fund become known and active at any time in the future.

In our opinion, this statute is applicable to the surplus now held by the Montague County School Board and after return of the surplus and upon obtaining the proper consent and approval, the Comptroller should transfer it to the General Revenue Fund to await such further appropriation of it as the Legislature may choose to make. Attorney General Opinion C-250 (1964). Cf. Attorney General Opinion M-1243 (1972). We need not determine what claim, if any, the federal government has to the funds.

### S U M M A R Y

Article 4344a, V.T.C.S., is applicable
to a surplus of funds allocated by a
state agency to the Montague County School
Board for a federally financed special vet-
erans' school program which has been since
discontinued.  The surplus retained by the
county school board remains subject to the
legal control of the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb